**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

**LETTER OPINION**
**NOT FOR PUBLICATION**

January 2, 2008

Andrew Walzer
771 Bradley Parkway
Blauvelt, NY 10913
    (*Plaintiff Pro Se*)

Dennis George Harraka
Ferrara, Turitz, Harraka & Goldberg, P.C.
505 Main Street
Hackensack, NJ 07601
    (*Attorney for Township Defendants*)

Mark P. Ciarrocca
Ciarrocca & Ciarrocca, Esqs.
1155 W. Chestnut Street
P.O. Box 303
Union, NJ 07083-0303
    (*Attorney for Defendant Tumino's Towing*)

      **RE:** **Andrew Walzer v. Township of Teaneck, Jill Graham, Kevin Johnson, Helene Fall, Howard Solomon, State of New Jersey, and Tumino's Towing**
          **Civ. No. 05-734 (WJM)**

Dear Litigants:

    On October 31, 2007, this Court granted summary judgment in favor of

Defendants Township of Teaneck, Jill Graham, Kevin Johnson, Helene Fall, Howard Solomon, State of New Jersey (collectively, "Township Defendants") and Tumino's Towing, and dismissed Plaintiff's Complaint with prejudice.  Plaintiff subsequently filed a motion to amend or correct this Court's judgment pursuant to Fed. R. Civ. P. 59(e).  For the following reasons, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

## Background

To briefly summarize, this case arises from a 2003 traffic ticket received by Plaintiff Andrew Walzer in Teaneck, NJ.  Plaintiff contested the ticket and requested a hearing.  Because he had failed to maintain a current address with the Department of Motor Vehicles ("DMV"), however, Plaintiff did not receive notice of the court date.  After Plaintiff failed to appear for the hearing, his license was suspended and a bench warrant issued.  A few months later, Plaintiff was arrested and his car was impounded.  A series of related consequences followed.  Plaintiff filed a complaint in this Court alleging constitutional violations by the Township of Teaneck and several individual Township employees (hereinafter, "Township Defendants"), as well as the State of New Jersey and the company that towed Plaintiff's car, Tumino's Towing.

## Standard of Review

Motions for reconsideration filed in the District of New Jersey are governed by Local Rule 7.1(i) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure.[1]  *Byrne v. Calastro*, No. 05-68, 2006 U.S. Dist. LEXIS 64054, at *7 (D.N.J. Aug. 28, 2006).  "The purpose of a motion for

---

[1] Plaintiff's Motion for Reconsideration was timely filed under Local Rule 7.1(i).  The Opposition filed by Tumino's Towing, however, was untimely — as was its request for the Court to accept its late filing — and has not been considered by the Court.  The Court also did not consider Plaintiff's Reply Brief, as reply and further briefs are not permitted on Motions for Reconsideration without permission from the Court, which was neither sought nor granted in this case.  *See Mercedes-Benz U.S.A. v. Coast Auto Group*, No. 99-3121, 2007 U.S. Dist. LEXIS 53659, at *6 n.1 (D.N.J. July 25, 2007).  Plaintiff's various requests for leave to supplement his filings are denied.  Finally, despite Plaintiff's argument to the contrary, the fact that the Township Defendants did not file papers opposing the Motion for Reconsideration does not obligate the Court to grant the motion where the law does not support it.

reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Under Local Rule 7.1(i), a motion for reconsideration may be granted if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  *See North River Insurance Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  Local Rule 7.1(i) does not permit a Court to rethink its previous decision; instead, the rule permits a reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked.  *See Resorts Int'l v. Greate Bay Hotel and Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992).

## Analysis

***Summary Judgment.***  Regarding this Court's grant of summary judgment in favor of the Township Defendants and Tumino's Towing, Plaintiff fails to present any proper grounds for alteration of the Court's October 31, 2007 decision.

Plaintiff's focus on the reasons he did not change his address with the DMV is misplaced.  The fact that the DMV implemented more stringent identification requirements following the terrorist attacks of September 11, 2001 lends no support to Plaintiff's allegations of constitutional violations by the Defendants in this case, and has no effect on this Court's conclusion that the Township Defendants and Tumino's Towing are entitled to judgment as a matter of law under Fed. R. Civ. P. 56(c).  It is also irrelevant that Plaintiff's insurance company apparently followed different address change procedures than the DMV, and issued Plaintiff an insurance card with an Englewood, NJ address.

Plaintiff's reliance on New Jersey Court Rule 7:2-4(b)(1) is also misplaced.  In this case, Plaintiff was personally served with the Complaint-Summons (*i.e.*, the traffic ticket) on April 13, 2003.  Therefore, Rule 7:2-4(b)(1), which addresses alternatives to personal service, is inapplicable.  Similarly, Plaintiff's citations to definitions of "last known address" used by the Internal Revenue Service and the U.S. Patent Office are wholly irrelevant.

Finally, Plaintiff's arguments regarding the effect of his payment at the Violations Bureau, the desired effect of his April 16, 2003 letter to the Teaneck

Municipal Court, and the actions of Tumino's Towing were already fully considered by this Court in rendering its prior opinion, and raise no appropriate grounds for reconsideration.

Because Plaintiff raises no proper issues for reconsideration under Local Rule 7.1(i), the Court will deny Plaintiff's motion for reconsideration of its grant of summary judgment in favor of the Township Defendants and Tumino's Towing.

*Claims Against the State of New Jersey*. The State of New Jersey was never served with the Complaint in this matter, and never entered an appearance in this case. Because Plaintiff wishes to drop New Jersey as a Defendant, and because New Jersey was not served and has not appeared, the Court will reverse that portion of its earlier opinion which dismissed Plaintiff's claims against New Jersey with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Instead, Plaintiff's claims against New Jersey are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

## Conclusion

For the foregoing reasons, Plaintiff's motion is **GRANTED** in part, insofar as Plaintiff's claims against the State of New Jersey will be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m). Plaintiff's motion is **DENIED** in all other respects. An appropriate Order accompanies this Letter Opinion.

    s/William J. Martini
    **William J. Martini, U.S.D.J.**